IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BRANDON TYLOR WOODARD,

    Petitioner,

v.                                                                                                No. 1:20-cv-01185-JDB-jay

UNITED STATES OF AMERICA,

    Respondent.

ORDER DISMISSING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner, Brandon Tylor Woodard,[1] has filed a *pro se* motion to vacate, set aside, or correct his sentence (the "Petition"), pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.) The pleading is before the Court for preliminary review. *See Rules Governing Section 2255 Proceedings for the United States District Courts*, Rule 4(b). For the following reasons, the Petition is DISMISSED.

BACKGROUND

In June 2003, Woodard appeared before then-Chief District Judge James D. Todd and pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1). (*United States v. Woodard*, No. 1:03-cr-10005-JDB-1 (W.D. Tenn.) ("No. 1:03-cr-10005-JDB-1"), D.E. 26.) In October 2003, he was sentenced to fifty-one months' imprisonment and three years of supervised release. (*Id.*, D.E. 35.) He took an unsuccessful direct appeal. (*Id.*, D.E. 51.)

---

[1] The Court will refer to Woodard as "the Defendant" in its discussion of his two federal criminal cases.

In April 2009, the federal grand jury for the Western District of Tennessee returned a one-count indictment once again charging Woodard with being a felon in possession of a firearm. (*United States v. Woodard*, No. 1:09-cr-10038-JDB-1 (W.D. Tenn.) ("No. 1:09-cr-10038-JDB-1"), D.E. 2.)  Several months later, the Defendant pleaded guilty before the undersigned to the sole count of the indictment.  (*Id.*, D.E. 11.)  He was sentenced to seventy months' incarceration and two years of supervised release.  (*Id.*, D.E. 19.)  No direct appeal was taken.

Defendant's 2009 offense also formed the basis for the revocation of his supervised release in his 2003 case.  (No.1:03-cr-10005-JDB-1, D.E. 67, 77.)  For his violation of the terms of his supervised release he was sentenced to "a term of 21 months incarceration, to run consecutive to [the] sentence imposed in" the 2009 case.  (*Id.*, D.E. 77.)

Woodard remained in federal custody until May 17, 2016, when he began his two-year term of supervised release for his 2009 offense.  (*See* No. 1:09-cr-10038-JDB-1, D.E. 26 at PageID 53.)  Following a series of supervised release violations, the Court, on January 8, 2020, "sentenced the Defendant to 24 months incarceration, with no further supervision to follow."  (*Id.*, D.E. 95.)  The Federal Bureau of Prisons calculated the inmate's release date as February 5, 2021.  *See* https://www.bop.gov/inmateloc (last accessed Sept. 2, 2020).

DISCUSSION

On January 16, 2020, Woodard filed a § 2255 motion in his 2003 criminal case.  (No. 1:03-cr-10005-JDB-1, D.E. 80.)  The Court directed the Clerk of Court to refile the document as the case-initiating pleading in a new § 2255 case, which is the present matter.  (*Id.*, D.E. 82.)  The Petition challenges the inmate's 2003 conviction on the basis of the recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  Petitioner argues that his conviction should be vacated

2

because the indictment failed to charge that he "knew, at the alleged time of possessing a firearm[,] that he was prohibited from doing so." (ECF No. 1 at PageID 2.)

In *Rehaif*, the United States Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g)[,] . . . the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. As the Court explained,

> [t]he question here concerns the scope of the word "knowingly." Does it mean that the Government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)? We hold that the word "knowingly" applies both to the defendant's conduct and to the defendant's status when he possessed it.

*Id.* at 2194.

As a prerequisite to § 2255 relief, a petitioner must be "in custody under sentence of a court established by Act of Congress[.]" 28 U.S.C. § 2255(a). "A petitioner who has served the full term of his sentence still satisfies the in-custody requirement of § 2255 provided he filed the motion while incarcerated and shows that he 'is suffering, and will continue to suffer, serious disabilities'—collateral consequences—as a result of the conviction." *Pola v. United States*, 778 F.3d 525, 529–30 (6th Cir. 2015) (quoting *Carafas v. LaVallee,* 391 U.S. 234, 238–39 (1968)).

Woodard cannot satisfy the in-custody requirement. As indicated above, on the date he filed the Petition, January 16, 2020, he was incarcerated on a supervised release violation in his 2009 case. He therefore was not serving time on his 2003 conviction, which is the conviction under attack in this matter. The Petition is, thus, not properly before the Court.

The *Rehaif* claim is also without merit. As indicated above, Petitioner argues that his indictment was invalid because it failed to charge that he knew he was prohibited from possessing

a firearm.  However, knowledge-of-the-law is not an element of the crime charged, even after *Rehaif*.  As the Sixth Circuit has explained, "*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code."  *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 2572 (2020).  Rather, as pertinent here, *Rehaif* demands only that the Government prove that the defendant knew he was "previously . . . convicted of a felony." *United States v. Watson*, No. 19-3658, 2020 WL 4037923, at *1 (6th Cir. July 17, 2020) (unpublished).  Petitioner does not allege that he did not know he was a felon at the time he possessed the firearms.

Because he was not in custody on the 2003 conviction when he filed the Petition, and because the claim is without merit in any event, the Petition is DISMISSED.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2)-(3).  A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[2]

IT IS SO ORDERED this 9th day of September 2020.

                                          s/ J. DANIEL BREEN
                                          UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.